THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| AMERICAN ENGLISH, LLC, and | ) | |
| BESSIE SALTER, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, SCOTTSDALE INSURANCE COMPANY ("Scottsdale") by its undersigned attorneys, brings this Complaint for Declaratory Judgment against Defendants, AMERICAN ENGLISH, LLC, and BESSIE SALTER, and alleges and states as follows:

**STATEMENT OF THE CASE**

1. Scottsdale brings this insurance coverage action to obtain a judicial declaration that it does not have the duty to defend or indemnify American English, LLC ("American English") in connection with a Cook County lawsuit brought by Bessie Salter, encaptioned, *Bessie Salter v. American English, LLC, et al.*, Case No. 2021-L-003044 ("Underlying Lawsuit"). The Underlying Lawsuit arises out of personal injuries Salter allegedly sustained on March 30, 2019, when she exited a casino and was struck by a "cart" and/or the operator of a "cart" as the "cart" was being unloaded from a van owned by American English.

**THE PARTIES**

2. Plaintiff, Scottsdale, is a corporation organized under the laws of Ohio with its principal place of business in Scottsdale, Arizona.

3. Defendant, American English, is a limited liability company organized under the laws of Illinois. American English's sole managers are Eric M. Suszynski, Ken Zemanek, and Thomas Vegetabile, who are citizens of Illinois, Illinois, and North Carolina, respectively.

4. Defendant, Salter, is a citizen of Illinois, and resident of Kane County, Illinois. Ms. Salter is a potentially interested party by virtue of her status as the plaintiff in the Underlying Lawsuit.

## JURISDICTION AND VENUE

5. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, Scottsdale, on the one hand, and Defendants, American English and Salter, on the other hand; and (b) the amount in controversy with regard to the Underlying Lawsuit exceeds $75,000. Moreover, all parties transact business in and/or are citizens of Illinois.

6. Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred in this judicial district, in that the dispute giving rise to the Underlying Lawsuit occurred in this district, the Underlying Lawsuit is pending in this district, and the subject insurance policy was issued in this district.

7. An actual justiciable controversy exists between Scottsdale, on the one hand, and American English and Ms. Salter, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## POLICY

8. Scottsdale issued to American English a commercial general liability insurance policy, No. CPS3058145, effective June 1, 2018, to June 1, 2019 ("Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

9. The Policy contains the following Insuring Agreement for bodily injury liability coverage (Coverage A):

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply. …
>
> \* \* \*

10. The Policy contains the following relevant exclusion (the "Auto Exclusion"):

> **2. Exclusions**
>
> This insurance does not apply to: …
>
> g. **Aircraft, Auto Or Watercraft**
>
> "Bodily injury" … arising out of the ownership, maintenance, use or entrustment to others of any … "auto" … owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading."
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" … involved the ownership, maintenance, use or entrustment to others of any … "auto" … that is owned or operated by or rented or loaned to any insured.
>
> \* \* \*

11. The Policy includes the following relevant definitions:

> **SECTION V – DEFINITIONS**

\* \* \*

**2.** "Auto" means:

 **a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

 **b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

\* \* \*

**11.** "Loading or unloading" means the handling of property:

 **a.** After it is moved from the place where it is accepted for movement into or onto an … "auto";

 **b.** While it is in or on an … "auto"; or

 **c.** While it is being moved from an … "auto" to the place where it is finally delivered; but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the … "auto".

\* \* \*

## UNDERLYING LAWSUIT

12. The complaint in the Underlying Lawsuit ("Underlying Complaint") alleges one count of negligence against American English. A true and correct copy of the Underlying Complaint is attached hereto as **Exhibit B**.[1]

13. Count II, which is directed at American English only, alleges that on March 30, 2019, American English "exercised complete supervision, direction, and control over the services of and

---

[1] The Underlying Complaint was originally encaptioned as, *Bessie Salter v. Hollywood Casino Aurora, Inc., Hollywood Casino Aurora, LLC, American English, LLC, and Eric Suszynski d/b/a American English*. On May 7, 2021, Eric Suszynski was voluntarily dismissed without prejudice from the Underlying Lawsuit.

means and methods used by all their agents, employees and contractors responsible for delivering equipment to the [Hollywood Casino Aurora ] for an engagement at the [Hollywood Casino Aurora]."

14. Count II also alleges that, on March 30, 2019, Salter exited the Hollywood Casino Aurora to return to her motor vehicle in the parking lot when American English, by its agents, servants and/or employees acting on its behalf, was negligent in that it:

    a. Carelessly and negligent allowed a loaded cart to get loose and roll into [Salter].

    b. Carelessly and negligently failed to follow the policies and procedures of the [Hollywood Casino Aurora] when loading and unloading equipment.

15. Due to American English's alleged negligence, Salter allegedly was "struck by a loaded cart which rolled into her while she was walking to the parking lot," and in turn, sustained injuries.

16. Scottsdale has defended American English in the Underlying Lawsuit subject to a reservation of rights. Scottsdale specifically reserved all rights under the Policy in connection with the Auto Exclusion, including the right, pending a full investigation of whether the Auto Exclusion applied to preclude coverage, to withdraw from American English's defense.

17. Scottsdale's investigation revealed that, at the time of the accident alleged in the Underlying Lawsuit, an individual employed by American English, Richard Stang, was unloading from an automobile owned by American English the "cart" that struck Salter. In fact, the "cart" Mr. Stang was unloading from the van owned by American English was merely a trunk on wheels.

**COUNT I – NO DUTY TO DEFEND AMERICAN ENGLISH**

18. Scottsdale incorporates by reference paragraphs 1-17 above as if fully stated herein.

19. The Policy's Auto Exclusion precludes coverage for "bodily injury" arising out of the "use" of any "auto" owned by any insured. And, "use" of an "auto" includes "loading and unloading."

20. The "cart," *i.e.*, the trunk on wheels, used by Mr. Stang at the time of the incident giving rise to the Underlying Lawsuit, was part of the process of unloading equipment from the automobile owned by American English.

21. At the time of the incident giving rise to the Underlying Lawsuit, American English, by Mr. Stang, was "using" an "auto," and Ms. Salter's injuries allegedly arose out of that use. And, no exception to the Auto Exclusion applies.

22. Therefore, the Auto Exclusion bars all coverage for the Underlying Lawsuit, and in turn, Scottsdale has no duty to defend American English in the Underlying Lawsuit.

## COUNT II – NO DUTY TO INDEMNIFY AMERICAN ENGLISH

23. Scottsdale incorporates by reference Paragraphs 1-22 above as if fully stated herein.

24. Given that American English cannot be liable under any theory in the Underlying Lawsuit that could potentially fall within the coverage of the Policy based on the Auto Exclusion, and because Scottsdale has no duty to defend American English in the Underlying Lawsuit, Scottsdale necessarily has no duty to indemnify American English against any adverse judgment or settlement in the Underlying Lawsuit.

WHEREFORE, Plaintiff, SCOTTSDALE INSURANCE COMPANY, respectfully requests this Court to declare and adjudge the controversy as follows:

A. Scottsdale has no duty to defend American English in the Underlying Lawsuit;

B. Scottsdale has no duty to indemnify American English in the Underlying Lawsuit;

C. Scottsdale may withdraw and cease its defense of American English in the Underlying Lawsuit; and

D. Grant any other relief that this Court deems just and equitable under the circumstances, including the award of costs.

DATE: January 3, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By: /s/ Jonathan L. Schwartz_____
　　　　　　　　　　　　　　　　　　　　　　Attorney for Scottsdale Insurance Company

Jonathan L. Schwartz
Glenn A. Klinger
FREEMAN MATHIS & GARY LLP
111 W Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (773) 389-6440
jonathan.schwartz@fmglaw.com
glenn.klinger@fmglaw.com